United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-10578
Summary Calendar

---

SHEILA CAPERS

Plaintiff-Appellant,

versus

DALLAS INDEPENDENT SCHOOL DISTRICT, OSCAR RODRIGUEZ,
LUIS COWLEY

Defendants-Appellees.

---

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:03-cv-1305)

_____

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

Reviewing the summary judgment order de novo, we affirm the district court's

decision for the following reasons:

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1.  To establish a prima facie case of retaliation, Capers must show (1) that she engaged in an activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004).

2.  Capers did not demonstrate an adverse employment action and she therefore failed to make out her prima facie case. On August 9, 1999, Capers entered into a three-year term contract with the Dallas Independent School District. Capers is therefore mistaken in her argument that she was a continuous contract employee when the school board put her on a term of "probation." To be demoted from a term contract to a probationary contract requires the written consent of the teacher. TEX. EDUC. CODE ANN § 21.106 (Vernon 2006). Since no such written consent was ever requested or given, Capers was not demoted to a probationary contract. There is no indication that her employment status as a term contract employee was otherwise affected by the decision of the school board to place her on probation. Affirmed.